AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

**FILED**
AT LAS CRUCES

SEP 2 3 2015

MATTHEW J. DYKMAN
CLERK

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

1609 South Kentucky Street,
Roswell, Chaves County, New Mexico
(Further described in Attachment A)

)
)
)
)
)
)

Case No. 15- 595mr

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is attached and incorportated herein.

located in the _____ District of _____New Mexico_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and fully incorportated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C 841 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

See Attachment C, which is attached and fully incorportated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Joseph W. Gelinas, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/23/2015

_____
*Judge's signature*

City and state: Roswell, New Mexico

Joel M.Carson, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PREMISES TO BE SEARCHED (The Subject Premises)

### *1609 South Kentucky Street*
### *Roswell, Chaves County, New Mexico*

The Subject Premises is a single-family dwelling located at number 1609 South Kentucky Street, Roswell, Chaves County, New Mexico.  The Subject Premises is an off-white single story dwelling.  The driveway is on the north side of the property with a covered portion attached to the residence.  There is a paved walkway that extends from the front door to the side walk.  The numbers "1609" are affixed to the exterior of the residence and the same are visible from the road.

To include all outbuildings, vehicles and appurtenances on the property within the curtilage of the residence.

Below is a photograph of the Subject Premises.



## ATTACHMENT B

## ITEMS TO BE SEIZED

Evidence of violations of 21 USC § 841:

A.      Controlled substances, including heroin, methamphetamine, cocaine, marijuana, and prescription pills.

B.      Drug paraphernalia and packaging materials, including: scales, plastic baggies, and tape.

C.      Books, records, receipts, notes, ledger and other documents relating to transporting, ordering, purchasing, manufacturing and/or distributing controlled substances.

D.      Financial documents, including credit card statements, tax returns, safe deposit records, safe deposit keys, bank records, bank statements, money orders, Western Union receipts, checking account records, cashiers checks, passbooks and other items evidencing the obtainment, concealment and/or expenditure of money.

E.      Records, including, address and telephone books (in electronic form or otherwise), telephone bills, cellular telephones bills, airline tickets, rental car records, storage unit rental records, false identification documents, other forms of identification, vehicle titles, vehicle registrations, and records showing occupancy of the premises.

F.      Proceeds of an unlawful activity, including, currency, jewelry, vehicles and other assets or financial records related thereto.

G.      Photographs and/or video recordings evidencing criminal activity or any co-conspirators.

H.      Firearms, ammunition, and items relating to the purchase, possession, and sale of firearms, to include packaging materials.

I.      Cellular telephones, including "Smart" phones and records or data related to violations of 21 U.S.C. § 841, and stored on any cellular telephones including:

1.  Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of customers, distributors, sources of supply and other associates of;
2.  Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on the cellular telephones, along with the date and time each such communication occurred;
3.  Text message logs and text messages whether sent from, to, or drafted on, the cellular telephones, along with the date and time each such communication occurred;

4. The content of voice mail messages stored on the cellular telephones, along with the date and time each such communication occurred;
5. Photographs or video recordings evidencing criminal activity or any co-conspirators;
6. Information relating to the schedule, whereabouts, or travel of the user of the cellular telephones;
7. Information relating to other methods of communications utilized by the user of the cellular telephones and stored on the cellular telephones;
8. Bank records, checks, credit card bills, account information and other financial records; and
9. Evidence of user attribution showing who used or owned the cellular telephones, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING A SEARCH WARRANT FOR NUMBER 1609 SOUTH KENTUCKY STREET, CHAVES COUNTY, NEW MEXICO

Your Affiant, Joseph W. Gelinas, having been duly sworn, does hereby depose and state:

1.      I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the El Paso Field Division, Las Cruces Resident Office.  As a DEA Special Agent, I am empowered by Title 21, Section 878 of the United States Code to effect arrests, searches, and seizures for violations of the federal narcotics laws.  I have been a Special Agent of the DEA since December 2010, during which time I have specialized in investigations involving narcotics trafficking.  I have received specialized training on the subject of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, distribution, and importation of controlled substances, as well as methods used to finance narcotic transactions.

2.      I have participated in and supported narcotics investigations involving the illegal possession, sale, distribution and importation of many different types of controlled substances.  I am familiar with the methods and means that narcotics traffickers use to traffic their drugs, to launder their money, and to evade law enforcement.  In addition to my own training and experience, I have compiled information about these topics from numerous discussions with experienced law enforcement officers, including Special Agents of the DEA, New Mexico State Police, and other state and local law enforcement agencies.

3.      Through my training and experience, I know the following:

a.  Narcotics traffickers often maintain narcotics or other drugs identified as controlled substances, as well as drug paraphernalia and packing materials.

b.  Narcotics traffickers often maintain ledgers, account books and other papers detailing the receipt, storage, sale and distribution of narcotics. These ledgers often contain amounts of drugs, accounting of payments made and received, accounts receivable and accounts payable used in furtherance of their drug trafficking activities.

c.  Narcotics traffickers often maintain phone books, address books and other papers containing names, telephone numbers, and addresses of suppliers and purchasers of narcotics. Narcotics traffickers will often write these documents in code and they maintain documents containing the key to their codes.

d.  Narcotics traffickers also often maintain photographs or receipts for various services, such as bank statements, telephone bills, utility bills, vehicle repair, consumer goods purchases, all evidencing the disposition of illegal profits, the existence of "stash houses," and the existence of other assets. Narcotics traffickers often maintain various documents evidencing ownership of assets such as real estate deeds, vehicle titles, and insurance policies.

e.  Narcotics trafficking is a "for profit business" and, as such, traffickers must maintain the types of documents described above so as to determine profitability and to track debts owed by and to the trafficker.

f.  Narcotics traffickers often keep photographs and videos of themselves and their co-conspirators, narcotics and their illegal profits.

g. Narcotics traffickers often maintain one or more cellular or "smart" telephones which contain information relating to their drug trafficking activities. That information includes, but is not limited to, contact lists, lists of recent call activity, stored text and voice mail messages, and pictures.

h. Narcotics traffickers often amass large amounts of profits derived from their illegal narcotics trafficking activities. Documents and other records pertaining to assets which are proceeds of the narcotics trafficking described herein would constitute evidence of the same narcotics trafficking.

i. Narcotics traffickers often maintain large amounts of U.S. Currency that were derived from illegal activities.

j. Narcotics traffickers often convert their illegal profits into other assets, such as stocks, bonds, precious metals, jewelry, real estate, vehicles and other assets. The acquisition of such assets, which are the proceeds of narcotics transactions, and the changes of one form of asset to another, almost invariably generate documents evidencing such activity.

k. Narcotics traffickers often place ownership of vehicles, real estate, telephones and other assets in nominee names and register utility services in nominee names so as to avoid law enforcement detection.

l. Narcotics traffickers commonly keep records relating to their drug trafficking activities for several years. I have spoken with other law enforcement officers who have been present at search warrants where records over two years old have been located and seized.

m. Narcotics traffickers often carry weapons to protect themselves and their controlled substances from theft by other trafficking organizations and seizure by law enforcement agencies. Narcotics traffickers often keep weapons in their residences to protect themselves, their narcotics and their drug trafficking proceeds. In my experience, individuals who obtain firearms do not discard them, but instead maintain and keep them for protection for themselves, their narcotics and their drug trafficking proceeds.

n. Narcotics traffickers often maintain safe deposit boxes where they store narcotics, U.S. Currency and other documents evidencing their narcotics trafficking. It is common knowledge that safe deposit boxes require the owner to keep the key to the safe deposit box.

o. Narcotics traffickers often maintain the above described items and documents in their residence(s) or other places where they spend significant time so as to afford them ready access to those items. Furthermore, narcotics traffickers often secrete the above described items in secure locations within their residences, out buildings, sheds, and in their vehicles in order to conceal them from law enforcement authorities or others narcotics traffickers.

4. This affidavit is submitted in support of an order authorizing the search of 1609 South Kentucky Street in Roswell, Chaves County, New Mexico, (the "subject premises") as more fully described in Attachment A.

5. The following information is based upon my personal knowledge as well as information provided by other federal, state and local officers and is presented as probable cause to search the

Subject Premises. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause.

6.       James Hill is believed to live at the Subject Premises. The Subject Premises is list as Hill's address on Hill's active New Mexico Driver's License, which was issued on August 19, 2015.

7.       On September 3, 2015, a New Mexico State Police ("NMSP") Undercover ("UC") Agent arranged a drug transaction, through telephonic communications, with James Hill at the Buffalo Wild Wings restaurant (747 North Main Street, Roswell, New Mexico). Hill agreed to sell three ounces of methamphetamine to the UC for $2,200.00. Prior to the meeting, I met with the UC and provided the UC with $2,200.00 and an audio/video recording device.

8.       At approximately 8:39 p.m., Hill arrived at the Buffalo Wild Wings parking lot in a gray 2009 Toyota sedan bearing New Mexico ("NM") registration 750PNR. Through a database check, Hill's vehicle was registered to John Clements at the Subject Premises.

9.       The UC entered into Hill's vehicle. Hill moved the vehicle to the Arby's parking lot (1013 North Main Street, Roswell, NM) and parked. The UC and Hill exited the vehicle and met at the trunk. Hill opened the trunk, removed a plastic bag containing a white crystal like substance from underneath the carpet, and moved back into the vehicle. Hill provided the UC with the plastic bag containing the white crystal like substance in exchange for the $2,200.00. Hill then transported the UC back to Buffalo Wild Wings where the meeting concluded and Hill departed.

10.    SA Gelinas met with the UC and secured custody of the methamphetamine and the audio/video recording device. The same substance later field tested positive for the presence of methamphetamine. The weight of the methamphetamine was approximately 85 grams.

11.    On September 10, 2015, the same UC arranged a drug transaction, through telephonic communications, with James Hill for four ounces of methamphetamine for $2,900.00. Prior to the meeting, I met with the UC and provided the UC with $2,900.00 and an audio/video recording device.

12.    At approximately 7:56 p.m., Hill met with the UC at the Albertson's parking lot (1110 South Main Street, Roswell, NM). Hill was driving a silver Honda sedan with blue flames on the side bearing NM registration 969PPK. Agents were unable to identify the registered owner through a database check. Hill exited his vehicle and entered into the rear seating area of the UC vehicle. The UC vehicle was also occupied by another NMSP UC Agent. Agent Gonzales was acting in an undercover capacity.

13.    Hill provided the original UC with a plastic bag containing a white crystal like substance in exchange for $2,900.00. Hill then exited the UC vehicle and departed. Agents followed Hill to the Subject Premises. Agents concluded surveillance for approximately 30 minutes after Hill arrived at the Subject Premises. Both Hill and the vehicle remained at the residence for the entire time that agents were conducting surveillance.

14.    SA Gelinas met the UC and secured the methamphetamine and the audio/video recorder. The white crystal like substance later field tested positive for the presence of methamphetamine. The weight of the methamphetamine was approximately 106 grams.

15.     Based on the above information, I believe that James Hill lives at the Subject Premises and that evidence of his drug trafficking activity, in violation of 21 U.S.C. § 841, will likely be found at the Subject Premises.

16.     Based on the above, I believe that there is probable cause to issue a warrant to search the Subject Premises, as more fully described in Attachment A, for the items more fully described in Attachment B.

JOSEPH W. GELINAS
Special Agent, DEA

SUBSCRIBED and SWORN to before me this 23rd day of September, 2015.

JOEL M. CARSON
United States Magistrate Judge